UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 0 1 2020
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OUIDA GORDON,

                          Plaintiff,

      -against-

STOP & SHOP SUPERMARKETS INC.,

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:
:
:
:
:

MEMORANDUM DECISION
AND ORDER

19 Civ. 10582 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Ouida Gordon brings this action against Defendant Stop & Shop Supermarkets Inc., seeking damages arising out of a slip and fall accident. (Pet. for Removal, Ex. A (Summons and Compl.) ("Compl."), ECF No. 1-1.) Plaintiff originally brought this action in New York State Supreme Court on July 8, 2019. (*Id.*) On November 15, 2019, Defendant removed this action to this Court on diversity grounds. (*See* Pet. for Removal, ECF No. 1.) Plaintiff now moves to remand the action for untimely removal. (Mot. to Remand, ECF No. 17.) Plaintiff's motion to remand is DENIED.

## I.  PROCEDURAL HISTORY

Plaintiff is a citizen of New York and Defendant is a Delaware corporation with its principal place of business in Massachusetts. (Pet. for Removal at 2–3.) On October 24, 2019, Plaintiff served a Bill of Particulars on Defendant, claiming that damages arising from her injuries exceeded $75,000. (Pet. for Removal, Ex. C (Verified Bill of Particulars to Def.'s Att'y) ("Pl.'s Bills of Particulars"), ECF No. 1-3.)

On November 15, 2019, Defendant filed a notice of removal with this Court on diversity grounds. (Pet. for Removal.) Because the notice was improperly titled "Petition for Removal" instead of "Notice of Removal," the Clerk's Office notified Defendant via its electronic court filing

system that it must re-file with the proper title within five days. (Not. to Att'y Regarding Deficient Pleading, Nov. 18, 2019.) Defendant failed to re-file its pleading and the case was administratively closed without prejudice on November 26, 2019. (Order, ECF No. 8.)

On December 12, 2019, Defendant filed a letter explaining that it had not received the Clerk's notice that the original filing was deficient due to a clerical error associated with counsel's e-mail address. (*See* Endorsed Letter, ECF No. 9.) Defendant requested that this Court reopen the case. (*Id.*) Subsequently, on December 19, 2019, Chief Judge Colleen McMahon endorsed Defendant's letter and administratively re-opened the case, deeming the notice of removal to have been filed on November 15, 2019. (*Id.*) On January 13, 2020, Plaintiff moved to remand the action for untimely removal. (Mot. to Remand.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1446(a), a defendant may remove an action from state court to federal court by filing a notice of removal within thirty days after the action becomes removable. *See* 28 U.S.C. § 1446(a)–(b). A diversity case becomes removable when a Bill of Particulars listing damages reflects that the amount in controversy exceeds $75,000. *See id.* (c)(3)(A). A notice of removal is deemed untimely filed where it fails to comply with the district court's rules, as interpreted by the Clerk's Office, or the court itself, within the time limit. *See Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1047 (2d Cir. 1991). While the thirty-day time limit for filing a removal is statutory and rigorously enforced, it is not jurisdictional. *See id.* at 1046. A district court may still consider an untimely removal and has the inherent discretion to excuse a departure from its rules in the interest of fairness. *Id.* at 1048–49.

"Once a case has been removed to federal court, a party may move to remand the case to state court." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 310 (2d Cir. 2005). On a motion to

remand, the "party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) (citation omitted). The federal removal statute is to be "strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

## III.    DEFENDANT'S NOTICE OF REMOVAL IS DEEMED TIMELY

This action became removable on October 24, 2019 when Plaintiff served its Bill of Particulars reflecting the dollar amount sought exceeded $75,000. (*See* Pl.'s Bills of Particulars.) Defendant then filed its notice of removal on November 15, 2019—within the thirty-day time limit. (Pet. for Removal.) This filing, which was titled "Petition for Removal," was deemed deficient by the Clerk's Office solely because it should have been titled "Notice of Removal." (Not. to Att'y Regarding Deficient Pleading, Nov. 18, 2019.)

Plaintiff argues that this Court should not excuse Defendant's failure to correct its deficiency within the five-day time limit because "[a]ny doubt as to . . . timeliness . . . , regardless of how trivial, must be resolved against removability." (Mot. to Remand at 8.) This argument is without merit.  Courts generally excuse a deficiency in filing if it is technical rather than substantive.  *See Somlyo*, 932 F.2d at 1049; *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005) (excusing the plaintiff's failure to comply with "technical" system requirements in filing a motion to remand); *cf. Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (granting motion to remand because the defendant's notice of removal failed to state a proper basis for removal).  The rule at issue here—that the removal document be titled "Notice of Removal" instead of "Petition for Removal"—was merely technical, rather than substantive, and should be construed liberally.

Courts also consider whether a party's noncompliance in filing was willful and whether *not* excusing it would cause the party to lose a right to which it is entitled.  *See Contino v. United*

3

*States*, 535 F.3d 124, 127 (2d Cir. 2008) (excusing a technical noncompliance because it was not willful and the appellant would otherwise lose the right to appeal). Here, there is no evidence that Defendant willfully mistitled the document or purposefully refused to refile within the deadline; it failed to do so due to a clerical error on counsel's e-mail address. (Endorsed Letter.)  Further, Defendant would lose its statutory right to seek relief in federal court if the deficiency is not excused.

For the reasons outlined above, the deficiency in Defendant's notice of removal is excused and the removal petition is deemed timely filed.

## IV. CONCLUSION

Accordingly, Plaintiff's motion to remand, (ECF No. 17), is DENIED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
       July 1, 2020

SO ORDERED.

George B. Daniel

GEORGE B. DANIELS
United States District Judge

4